UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Stacey Vandell and Robert Vandell, for themselves and as parents of J.V. AND R.V. AND R.V., both minors, <br><br> **Plaintiff,** <br><br> vs. <br><br> Lake Washington School District, <br><br> **Defendant.** | NO. <br><br> **COMPLAINT** |

COME NOW the Plaintiffs, Stacey Vandell and Robert Vandell, for themselves and as parents of J.V. AND R.V. AND R.V., both minors, hereby seek monetary damages from Defendant Lake Washington School District (hereinafter "LWSD"). Plaintiffs seek damages to compensate them for the harm that is a direct and proximate result of Defendant's failure to provide a Free and Appropriate Public Education (hereinafter "FAPE", as defined in the Individuals with Disabilities Education Act's (hereinafter "IDEA") (20 U.S.C. § 1415); and discriminated against J.V. and R.V. as well as engaging in practices that have the effect and/or

intent of discriminating by disability, as defined in Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq. (2006), thereby alleging as follows:

## I.   PARTIES, JURISDICTION, AND VENUE

1.1.  Plaintiffs Stacey Vandell and Robert Vandell (hereinafter "Plaintiffs") are parents of the minor children J.V. AND R.V.

1.2.  Plaintiffs Stacey Vandell and Robert Vandell and their minor children J.V. AND R.V. have resided in King County, Washington for all times pertinent to this Complaint.

1.3.  Plaintiffs Stacey Vandell and Robert Vandell and their minor children J.V. AND R.V. were within the boundaries of the Lake Washington School District for all times pertinent to this Complaint.

1.4. For all times pertinent to this Complaint, the minor children J.V. AND R.V. attended school at Margaret Mead Elementary, which is in the Lake Washington School District, located in King County in Washington State, or Hamlin Robinson School, which is located in King County in Washington State. Pursuant to RCW 28A.320.010, LWSD is a corporate body that possesses all the usual powers of a public corporation and may sue and be sued and transact all business necessary for maintaining and protecting the rights of LWSD. LWSD controls and operates Margaret Mead Elementary.

1.5.  Defendant is located in Washington State, receives federal financial assistance from the United States Department of Education, and is therefore subject to suit under the laws of Washington State, the laws of the United States, and the Constitution of the United States in carrying out its duties and responsibilities under Title VI of the Civil Rights Act of 1964; the Washington Law Against Discrimination (Chapter 49.60 R.C.W.); the Individuals with

Disabilities Education Act's (hereinafter "IDEA") (20 U.S.C. § 1415); and Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq. (2006), and related laws.

1.6. LWSD is entrusted with the responsibility for providing FAPE for students served by Individualized Education Plans (hereinafter "IEPs") in special education. LWSD is also entrusted with the responsibility for making policies and for implementing education and anti-discrimination related laws and policies. Further, LWSD is also entrusted with the responsibility for enforcing, and ensuring that its subordinates, agents, and employees enforce, such laws and policies by taking prompt remedial action following acts of failures to provide FAPE as well as acts of discrimination against students with disabilities.

1.7. LWSD failed to make, implement, enforce, and failed to ensure that its subordinates, agents, and employees enforced, the above-described laws and policies or to take necessary and prompt remedial action following knowledge or reports of failure to provide FAPE and discriminatory acts.

1.8. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because this action seeks a civil remedy under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, the Individuals with Disabilities Education Act's (hereinafter "IDEA") (20 U.S.C. § 1415), and Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq. (2006), and related laws. The Court has supplemental jurisdiction over state law claims made herein pursuant to 28 U.S.C. § 1367.

1.9. The Court has authority to award costs and attorneys' fees under the following: 42 U.S.C. § 1988, RCW 49.60.030, Title II of the Americans with Disabilities Act (42 U.S.C. §

12131 et seq. (2006); the Washington Law Against Discrimination, and the Individuals with Disabilities Education Act's (hereinafter "IDEA") (20 U.S.C. § 1415).

1.10.  On or about February 26, 2018, Administrative Law Judge (hereinafter "ALJ") Matthew Wacker entered a decision dismissing Parents' due process hearing complaints under OSPI Cause Nos. 2016-SE-0109 and 2016-SE-0110, respectively, for J.V. AND R.V. and R.V., their minor children (Exhibit 1), pursuant to his January 31, 2018 Findings of Fact, Conclusions of Law, and Prehearing Order that "no later than" December 3, 2014, the pertinent two year statute of limitations under IDEA had tolled as, at that time, the parents knew or should have known that J.V. and R.V. had been harmed by the failure to provide FAPE and Lake Washington School District's was responsible for that failure (Exhibit 2, p. 17).

1.11 Plaintiffs bring the present action pursuant to 20 U.S.C. § 1415(i)(2)(A ), which provides: "Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy."

1.12 At their due process hearing on or about January 16, 2018, Plaintiffs argued  both the statute of limitations was tolled well into January, 2015, rather than December 3, 2014, as ALJ Wacker reasoned, and, alternatively, that the exceptions to its tolling applied with respect to in subsection (f)(3)(D) of Section 1415(b)(6)(B) of Title 20 of the United States Code, which are:

specific misrepresentations by LWSD that it had resolved the problem forming the basis of the complaint; or LWSD withheld information from the parent that was required to be provided.

1.13  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2)

## II. BACKGROUND

2.1.  The faculty and staff of LWSD have not only violated Lake Washington School District Policies and Procedures, but have also failed to provide them with a free and appropriate education as required under the Individuals with Disabilities Education Act's (hereinafter "IDEA") (20 U.S.C. § 1415) for the duration of time J.V. AND R.V. attended Margaret Mead Elementary, which was during the school years spanning 2011-2015 before Plaintiffs unilaterally withdrew them from the Lake Washington School District in order to attend Hamlin Robinson School.

2.2.  J.V. AND R.V. were previously diagnosed as having several disabilities, for R.V. dyslexia is the primary disabling condition, and for J.V. both dyslexia and Attention Deficit Hyperactive Disorder (hereinafter "ADHD").

2.3.  Despite attempts to have them accommodated by implementing an appropriate IEP, LWSD faculty and staff routinely failed in the following respects in contravention to IDEA: failure to follow the requirements outlined in the various iterations of the IEP, failure to demonstrate sufficient academic progress for J.V. and R.V., failure to utilize and evidence-based curriculum, failure to provide an IEP which could lead to adequate progress and meet J.V. and R.V.'s needs,

failure to provide a Functional Behavior Assessment and Behavior Intervention Plan (hereinafter "FBA" and "BIP", respectively), and failure to provide an appropriate placement.

2.4  Despite having withdrawn J.V. AND R.V. on September 8, 2014, Plaintiffs made the Lake Washington School District aware that they had "taken their request to give the team another chance under advisement and may reconsider [their] position based on the plan that is provided." (*See* Exhibit 1, August 27, 2014 Email from Parents to Sandy Klein, Principal of Margaret Mead Elementary of Lake Washington School District and August 28, 2014 Email from Sandy Klein to Parents).

2.5  LWSD engaged in additional testing of J.V. AND R.V. in October and November of 2014, after J.V. AND R.V.'s withdrawal from Lake Washington School District, requiring Parents to pull J.V. AND R.V. out of school for a number of days to do so (*See* Exhibit 2, September 3, 2014 and September 4, 2014 Email Exchange between Parents and various Lake Washington School District employees).

2.6  Thereafter, the parties engaged in IEP meetings, with the participation of counsel, which were held on December 5, 2014, December 10, 2014, and December 18, 2014; thereafter, communications continued beyond January of 2015 between the parties in an effort to resolve the issue of private placement being paid for by LWSD and other issues resultant from the IEP, which was never finalized. In the end, despite LWSD having previously agreed to private placement at Hamlin Robinson should Margaret Mead fail J.V. AND R.V., it was clear to Plaintiffs on or about the end of January, 2015 that LWSD was not likely to follow through with this promise.

2.7     As J.V. AND R.V. progressed tremendously at Hamlin Robinson during the first several months of the 2014-2015 school year, by on or about the end of January, 2015 it had become clear to Parents that LWSD had failed J.V. AND R.V. in failing to provide him a free and appropriate public education as alleged in the original Due Process Hearing Request submitted by the undersigned counsel dated December 5, 2015.

III.    FIRST CAUSE OF ACTION: FAILURE TO PROVIDE FAPE UNDER IDEA

3.1     Defendant failed to provide FAPE to J.V. and R.V. despite repeated assurances it would, and despite Plaintiffs' repeated efforts, until January of 2015, to work with Defendant as members of J.V. and R.V.s' IEP teams to produce and IEP that could be successful and provide for J.V. and R.V. to make meaningful progress as required under IDEA. The IEPs produced at in January of 2015 indicated Defendant had not provided FAPE while J.V. and R.V.s' sustained progress at Hamlin Robinson School became evident at that time as well.

IV.     SECOND CAUSE OF ACTION: VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12131 et seq. (2006))

4.1.  Plaintiffs incorporate herein by reference so much of the other portions of this Complaint as is not inconsistent with this cause of action.

4.2.  School Districts, as recipients of federal financial assistance and as a public entity, are prohibited from discriminating against individuals with disabilities, as defined in Title II of the Americans with Disabilities Act.

4.3. Plaintiffs J.V. AND R.V. are disabled as defined under Title II of the Americans with Disabilities Act.

4.4. LWSD violated Title II of the Americans with Disabilities Act by subjecting Plaintiffs J.V. AND R.V. AND R.V. to discriminatory treatment.

4.5. Plaintiffs J.V. AND R.V. and his parents suffered from these violations of LWSD.

## V. PRAYER FOR RELIEF:

Plaintiffs respectfully pray for judgment as follows:

13.1 An order reversing ALJ Wacker's Final Order of Dismissal dated February 26, 2018 precluded upon ALJ Wacker's January 31, 2018 Findings of Fact, Conclusions of Law, and Prehearing Order such that Parents have met the two-year statute of limitations indicated by the IDEA;

13.2. An award of compensatory damages, inclusive of compensatory education, lost wages, and related consequential damages, to Plaintiffs for harm suffered, opportunities denied, and deprivation of rights in an amount to be proven at trial;

13.2 Remanding this case to the administrative hearing level for treatment of the substantive issues of law addressed herein with the statute of limitations issue resolved in Plaintiffs' favor;

13.3. An award of Plaintiffs' expenses, costs, and reasonable attorneys' fees under 42 U.S.C. § 1988; 42 U.S.C. § 1988, RCW 49.60.030, the Individuals with Disabilities Education Act's (hereinafter "IDEA") (20 U.S.C. § 1415), Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq. (2006); and any other applicable provision of federal and state law;

13.3. Prejudgment and post judgment interest in the above costs to the full extent allowed by law.

13.4.  Permission to amend the Complaint to conform proof obtained through discovery and trial;

and

13.5.  Such other relief as the Court deems just and equitable.

    Respectfully submitted this 29th day of May, 2018,

s/ Jenny Cochrane
Jenny Cochrane, WSBA #41789
Attorney for Plaintiffs
777 108th Ave. N.E.; Ste. 2240
Bellevue, WA, 98004
(425) 451-7276 (p)